

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THOMAS KENNETH ABRAHAM<br>d/b/a PADDLE TRAMPS MFG. CO.,<br>Plaintiff, | § § § § | |
| v. | § § § | Case no. 3:08-cv-570-F |
| ALPHA CHI OMEGA ET AL.,<br>Defendants. | § § § § | |

## MEMORANDUM ORDER REGARDING PLAINTIFF'S TRIAL BRIEFS

On August 22, 2011, Plaintiff Thomas Kenneth Abraham d/b/a Paddle Tramps Manufacturing Company, in conjunction with Motions in Limine, filed two trial briefs (Docket Nos. 88 and 90) addressing matters related to the jury's consideration of the defense of laches.[1] In its trial briefs, Paddle Tramps argues (1) that the doctrine of progressive encroachment does not apply as an excuse for delay for purposes of laches, and (2) that the Defendant Greek Organizations' litigation against other infringers does not act as an excuse for delay for the purposes of laches. The Court addressed both of the issues raised by Paddle Tramps in its Order of July 6, 2011 (Docket No. 80). The Greek Organizations filed a brief in response to these arguments on August 26, 2011 (Docket No. 94). For the reasons stated in this Memorandum Order, the Court hereby rejects the arguments of Paddle Tramps raised in the aforementioned Trial Briefs and DENIES Paddle Tramps's requested relief therein.

---

[1] Paddle Tramps filed an additional Trial Brief (Docket No. 89) addressing its sixth Motion in Limine, and the Court shall address the arguments raised therein in its Order disposing of all of those Motions in Limine.

## I. Applicability of Progressive Encroachment as an Excuse for Delay

In its first Trial Brief (Docket No. 88), Paddle Tramps argues that the doctrine of progressive encroachment is inapplicable to this situation, and that the Court should not permit the Greek Organizations to argue that progressive encroachment excused their delay in filing suit against Paddle Tramps for infringement.

The doctrine of progressive encroachment provides that "where a defendant begins use of a trademark or trade dress in the market, and then directs its marketing or manufacturing efforts such that it is placed more squarely in competition with the plaintiff, the plaintiff's delay is excused." *Chattanoga Mfg., Inc. v. Nike, Inc.*, 301 F.3d 789, 794 (7th Cir. 2002) (quoting *Kason Indus., Inc. v. Component Hardware Grp., Inc.*, 120 F.3d 1199, 1205 (11th Cir. 1997)). In its Order of July 6, 2011, the Court opined that the issue of whether the doctrine of progressive encroachment applies to this case could not be decided by summary judgment because there were issues of fact that needed to be resolved. Paddle Tramps expanded its marketing of infringing products to the internet in 2001, and in conjunction with this expansion, began using the names of the Greek Organizations, which the Court has already determined are protected trademarks. Such use took place after Paddle Tramps had received cease and desist letters from certain Greek Organizations. The Court also noted that the expansion of the Greek Organizations' infringing behavior included the apparent purchase of internet keywords, which constituted infringement of an entirely new character. The Court determined that a jury could consider the Greek Organizations' delay excused because this expansion of the infringing activity took on a new, more pervasive character which would have justified

2

action after such behavior began, and denied summary judgment. Paddle Tramps appears to argue that, despite these provisions of the Court's previous Order, the doctrine of progressive encroachment is inapplicable, and the jury should not be instructed on this doctrine.[2]

In regard to consideration of Paddle Tramps's defenses, the Court found in its Order of July 6, 2011 that progressive encroachment may apply. Paddle Tramps itself argues that its behavior since 1961 is unchanged, and that progressive encroachment is therefore irrelevant. The Court cannot accept this argument, which is counter to its own previous Orders. Paddle Tramps began to use the Greek Organizations' marks in a more aggressive and pervasive manner beginning in 2001, and a jury may find that the Greek Organizations could have been excused in delaying filing suit against them. The Court disagrees that progressive encroachment is inapplicable, and also disagrees that progressive encroachment can only cover the internet activities. The scope of any injunction that the Court may issue will depend upon the jury's consideration of the evidence presented to them. If the jury finds that the Greek Organizations were entirely

---

[2] In contending that the Court rejected and then reconsidered the Greek Organizations' progressive encroachment arguments in its Trial Brief, Paddle Tramps misreads the Court's previous Orders. It is true that, in its April 26, 2011 Order, the Court found that all of Paddle Tramps's actions at issue in the case constituted infringement of the Greek Organizations' marks. At that point, the Court did not need to address progressive encroachment in that context. However, the Court determined in its July 6, 2011 Order that Paddle Tramps's expanded use of the marks and internet activities beginning in 2001 could justify the Greek Organizations' delay in filing suit in the eyes of a jury because of the new character of that infringing activity. The Court considered progressive encroachment as to Paddle Tramps's defenses, not the contentions of infringement; accordingly, the Court delayed consideration of the issue to the point where it was relevant.

justified in delaying suit until Paddle Tramps's infringement expanded to the scale that it reached when it began its internet activities, then the Court will construct an order enjoining Paddle Tramps's infringing behavior regardless of the forum. If the jury finds that the Greek Organizations were not justified in waiting so long to file suit, but were justified in attempting to stop unauthorized activities on the internet, which expanded Paddle Tramps's business, then the Court will limit the scope of its injunction to activities that Paddle Tramps has engaged in since before it expanded its business to the internet in 2001. If the jury finds that the Greek Organizations were not justified in delaying their suit against Paddle Tramps regardless of the timing of any expansion in activities, then the Court shall take such a determination into account in determining whether an injunction is legally justified.

Although the Greek Organizations certainly delayed in bringing their claims, the Court determined that a jury could consider this delay excusable, in part because the nature of Paddle Tramps's infringement expanded and evolved in recent years. This is a unique case to which the Court believes a jury may find that the doctrine of progressive encroachment applies. Through this Motion, Paddle Tramps is attempting to relitigate an issue that was already decided on summary judgment to be within the proper consideration of the jury. Such an action improperly utilizes a motion in limine. The issue of whether the changing character of Paddle Tramps's infringement excuses the Greek Organizations' delay is one for the jury to decide, as the Court has already ordered, and the jury is entitled to an instruction regarding progressive encroachment. The Court therefore DENIES Paddle Tramps's request for the Court not to instruct the jury on the

4

doctrine of progressive encroachment.

## II. Prior Litigation Not Excusing Delay

Paddle Tramps also contends that the Greek Organizations should not be permitted to argue that prior litigation efforts against other infringers is an excuse for their delay in bringing suit. As the Court noted in its Order of July 6, 2011, under certain circumstances, participating in other litigation against other infringers may act as an excuse for delay to file suit for purposes of laches. *See Electronic Commc'ns, Inc. v. Electronic Components for Indus. Co.*, 443 F.2d 487, 491 (8th Cir. 1971) (upholding a district court's excusal of a delay in bringing an infringement action when other litigation was taking place); *Cuban Cigar Brands N.V. v. Upmann Int'l, Inc.*, 457 F. Supp. 1090, 1097 n.28 (S.D.N.Y. 1978) ("[A] trademark owner is not bound to take on more than one infringer at a time.").

Paddle Tramps argues that this argument should not apply because litigation was infrequent, did not involve all of the Greek Organizations, and was not the purpose for the delay in filing suit, which renders this argument inapplicable. The Court disagrees. The evidence shows that there was a gradual effort among Greek Organizations to begin combating unlicensed use of their marks beginning in the early 1990s, culminating with efforts by individual and groups of Greek Organizations to bring suits against infringers in the 2000s, including successful test cases in the Eighth and Eleventh Circuits, and combating infringers in order of their importance. The Greek Organizations contend that they did not raise claims against Paddle Tramps because their legal efforts were directed against other infringers. The fact that infringing activities became more significant at the

time that these efforts began is a relevant consideration, and the Greek Organizations' organized approach beginning in the 1990s and continuing in the 2000s could be considered by a jury to be valid excuse for delaying in filing suit against Paddle Tramps. As the Fifth Circuit noted in *Conan Properties v. Conans Pizza, Inc.*, 752 F.2d 145 (5th Cir. 1985), "[s]ince incidental and isolated infringement may be difficult to detect and cost ineffective to halt, a plaintiff may make a conscious business decision to prosecute only those defendants who pose a threat to its mark." *Id.* at 153 n.4. The Greek Organizations have presented sufficient arguments and evidence to demonstrate to a jury that their delay was excused by the business decision of organizing and conducting litigation, negotiation, and or attempts to obtain licenses. Accordingly, the Court shall not preclude the Greek Organizations from making such an argument or the jury from considering evidence related to such an argument. Paddle Tramps's request for relief to this effect is DENIED.

IT IS SO ORDERED.

Signed this 31st day of August, 2011.

Royal Furgeson
Senior United States District Judge