UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THOMAS KENNETH ABRAHAM<br>d/b/a PADDLE TRAMPS MFG. CO.,<br><br>Plaintiff,<br><br>vs.<br><br>ALPHA CHI OMEGA, et al,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 3:08-CV-570-F |

## THOMAS KENNETH ABRAHAM'S MOTION FOR
## JUDGMENT AND BRIEF IN SUPPORT

Pursuant to Fed. R. Civ. P. 58, Thomas Kenneth Abraham d/b/a Paddle Tramps Mfg. Co. ("Mr. Abraham" or "Paddle Tramps"), hereby moves for judgment on his case after the jury returned a verdict in his favor on his affirmative defenses of laches and acquiescence and against the Greek Organizations on their claim of unclean hands.

## SUMMARY

On September 27, 2011, after a trial on the merits of Mr. Abraham's affirmative defenses of laches and acquiescence and the Greek Organizations' counter-defense of unclean hands, the jury returned a verdict in favor of Mr. Abraham. Specifically, the jury found that Mr. Abraham proved by a preponderance of the evidence that:

(1) the Greek Organizations lacked any excuse for their delay in filing suit;

(2) the earliest date when any of the Greek Organizations should have known that Mr. Abraham was using their marks was 1968;

(3) Mr. Abraham would suffer undue economic prejudice if the Greek Organizations were now permitted to enforce their rights;

(4) authorized officials of the Greek Organizations implicitly assured Mr. Abraham that it was acceptable for him to continue using their marks before sending him notices of their objections;

(5) Mr. Abraham relied on these assurances; and

(6) Mr. Abraham would suffer undue economic prejudice if the Greek Organizations were now permitted to enforce their rights.

Further, the jury found that the Greek Organizations failed to prove by a preponderance of the evidence that Mr. Abraham had unclean hands at any time in connection with his use of their marks.

The Greek Organizations' claims of trademark infringement, unfair competition and trademark dilution under Texas law, as well as the remedies they seek, are barred by laches and/or acquiescence. Thus, Mr. Abraham requests that the Court render judgment in his favor and against the Greek Organizations for the following:

(1)     A declaration that the counterclaims of the Greek Organizations for trademark infringement, unfair competition under the Lanham Act and common law, and trademark dilution are barred by laches and/or acquiescence;

(2)     That the Greek Organizations are not entitled to damages or injunctive relief; and

(3)     An award of costs of court to Mr. Abraham.

## ARGUMENTS AND AUTHORITIES

The jury's findings, as summarized above, and the evidence presented at trial establish that this was no ordinary case of "mere delay" that would "generally" not bar injunctive relief. Rather, Mr. Abraham established a 40-year delay between when the Greek

Organizations should have known of his use of their marks and the date suit was filed; he disproved all of the excuses offered by the Greek Organizations, including their assertions of progressive encroachment and involvement in other litigation; and he proved that he would be unduly prejudiced by this excessively long delay.  Additionally, Mr. Abraham proved that he relied on implicit assurances of authorized officials of the Greek Organizations that it was acceptable for him to continue using their marks and that he would be unduly prejudiced if they were now permitted to enforce their trademark rights.  And the Greek Organizations failed to prove that these defenses are barred by the doctrine of unclean hands.

Numerous courts have held that laches or acquiescence will bar a trademark owner from recovering damages or obtaining injunctive relief.  *See, e.g., Conan Properties, Inc. v. Conans Pizza, Inc.*, 752 F.2d 145, 152-53 (5th Cir. 1985); *H.G. Shopping Centers v. Birney*, 2000 WL 33538621 *11 (S.D. Tex. 2000); *see also Jarrow Formulas, Inc. v. Nutrition Now, Inc.,* 304 F.3d 829, 840 (9th Cir. 2002); *Hot Wax v. Turtle Wax*, 191 F.3d 813, 822 (7th Cir. 1998); *Saul Zaentz Co. v. Wozniak Travel, Inc.*, 627 F.Supp.2d 1096, 1121 (N.D. Cal. 2008). Each of these cases involved delays significantly shorter than the delay proven by Mr. Abraham and yet the findings of laches and/or acquiescence led these courts to deny all relief sought by the trademark owner.  Based on the logic of these cases, the jury's verdict and evidence presented at trial, the Court should enter judgment in favor of Mr. Abraham and against the Greek Organizations providing that the Greek Organizations take nothing by their Counterclaim.  This disposition is warranted under the law, notwithstanding the Court's prior finding that Mr. Abraham's use of the Greek Organizations' trademarks constituted infringement, unfair competition and dilution.

In addition to numerous cases that support this disposition, McCarthy notes in his treatise, MCCARTHY ON TRADEMARKS §31:7, the fact that a "strong case of …laches can bar final injunctive relief is clearly illustrated by those decisions that have in fact denied an injunction because of the defense of laches."  McCarthy cites "plus" factors, in addition to mere delay and resulting prejudice, as the common thread to those cases.  One of his plus factors is a "grossly long period of delay."   Eleven of the 12 cases Prof. McCarthy cites had delays much shorter than the 40-year delay found by the jury in this case. An analysis of the cited cases shows that the egregiously long delays acted almost like an abandonment by the mark owner of its right to bring claims and thus prospective injunctive relief was denied.

McCarthy cites *Birney* in his discussion of egregiously long delays as a "plus" factor, citing the court's statement that "contrary to plaintiff's assertions, equitable defenses can defeat prospective injunctive relief."   In *Birney*, the date of the trademark owner's constructive knowledge and actual knowledge of the alleged infringing use of the Galleria mark were very close in time, as the trademark owner wrote a cease and desist letter shortly after Galleria Oaks opened and continued to write letters objecting to the Galleria Oaks name for twenty years.  The Greek Organizations' long letter writing campaign, starting in 1990 without any enforcement action parallels the conduct of the Galleria mark owner, hence the existence of McCarthy's "plus" factor.

McCarthy also cites cases in which the trademark owner knew or should have known of the alleged infringement for 20 or more years before the first cease and desist letter as examples of the grossly long delay that can bar prospective injunctive relief.  *See, e.g., Tillamook Country Smoker v. Tillamook County Creamery Ass'n*, 465 F.3d 1102 (9th Cir. 2006)(26 year delay before objecting); *Miller v. Glenn Miller Productions, Inc.*, 454 F.3d

975 (9th Cir. 2006)(delay of over 20 years before objecting).  Just as in these cases, the Greek

Organizations here had an excessively long, unexcused delay from when they should have

known of Mr. Abraham's use of their marks – 1968 – and the date of the first licensing letter

sent by any Greek Organizations – 1990.    This initial 22-year delay, which the Greek

Organizations did not even try to excuse at trial, is substantially similar to the delays cited by

McCarthy that will bar injunctive relief as well as damages.

Here, the jury found that the Greek Organizations should have known of Mr.

Abraham's use of their marks in 1968.  The first letter was in 1990 and suit was filed in

2008. Thus, Mr. Abraham showed both forms of a grossly long delay to satisfy McCarthy's

"plus" factor, which in turn justifies no injunctive relief.  The Greek Organizations' actions

and inactions constitute two separate egregiously long delays, both of which Mr. Abraham

proved were not excused.  Thus, the Greek Organizations are not entitled to any of the relief

they requested in this case.

> In addition, in *Ironclad,* 2000 WL 1400762 *10, Judge Solis opined as follows:

> "…laches or acquiescence, may justify a court's denial of injunctive relief. *See* RESTATEMENT (THIRD) OF UNFAIR COMPETITION § 35 cmt. b; *see also Westinghouse Elec. Corp. v. General Circuit Breaker & Elec. Supply Inc.,* 106 F.3d 894, 902-03 (9th Cir.1997) (holding defendants' equitable defenses alone sufficient to justify district court's refusal to enter a permanent injunction). These equitable defenses also apply to marks deemed incontestable under the Lanham Act."

Although the alleged infringer in *Ironclad* did not prove laches, the above quote

demonstrates that courts in the Northern District have recognized the very principle upon

which Mr. Abraham relies here.  The Greek Organizations' decades of delay after both actual

and constructive knowledge, combined with the lack of any excuse and the undue prejudice

to Mr. Abraham, justifies a declaration that their claims are barred by laches and implicit acquiescence and the denial of all relief they seek.

The Greek Organizations have taken the position that injunctive relief is required because Mr. Abraham intended to use their marks, citing the Supreme Court's decision in *Menendez v. Holt*, 128 U.S. 514, 9 S.Ct. 143 (1888). However, a more complete reading of *Menendez* shows that the Supreme Court recognized the possibility of prospective relief being barred in certain cases - just not the case before it.  In fact, *Menendez* explicitly stated that "mere delay or acquiescence cannot defeat the remedy by injunction in support of a legal right, <u>unless</u> it has continued so long and under such circumstances as to the defeat the right itself." *Id.* at 523 (emphasis added).  Two subsequent Supreme Court decisions addressed the issue squarely and found that all relief requested by the mark owner was barred, despite a clear intention by the defendant to use the trademark owner's marks, after delays of 25 and 30 years. *Creswill v. Grand Lodge Knights of Pythias*, 225 US 246, 32 S. Ct. 882 (1912); *Ancient Egyptian Arabic Order v. Michaux*, 279 U.S. 737, 748 49 S.Ct. 485 (1929)("the objections came too late to overcome or weaken the force of the conduct of the white order during the 30 years preceding the …suit…. After that period of inaction and seeming acquiescence, it was too late to resuscitate the original exclusive right for which the white order is now contending.").

As this Court has noted, the facts and equitable considerations to be taken into account in this case are unique.  The evidence presented at trial established even more facts than had previously been presented to the Court illustrating that the unique character of this case makes it an exception to the general rule relied upon the Greek Organizations.  Mr. Abraham sought to provide, and has successfully provided, a high quality product to the

members of these 32 Greek Organizations.  The national Organizations tolerated or tacitly approved of his use of their marks for 40 years.  As in *Saratoga Vichy Spring Co, Inc. v. Lehman*, 625 F.2d 1037, 1041 (2d Cir. 1980) and *Anheuser-Busch, Inc. v. Du Bois Brewing Co.,* 175 F.2d 370, 374 (3d Cir. 1949), the Greek Organizations' unexcused delay for many decades is not "mere delay" but is conduct that may best be described as "grossly remiss."

The jury's findings of no excuse, reliance, and undue prejudice also strongly support the conclusion that no prospective relief is justified in this case.  *See Conan*, 752 F.2d at 153 ("the jury's affirmative finding of acquiescence establishes the reliance necessary to preclude the issuance of an injunction and the record supports the jury's implicit conclusion that Conans relied upon DeCamps' conduct.")  Accordingly, Mr. Abraham requests that the Court enter judgment declaring that the Greek Organizations' claims against him are barred by laches and implicit acquiescence and that the Greek Organizations take nothing by their counterclaims.

## ABRAHAM IS THE PREVAILING PARTY AND THUS IS ENTITLED TO COSTS

Federal Rule of Civil Procedure 54(d)(1) provides that the prevailing party is entitled to recover costs of court.  A party does not have to prevail on all issues to be entitled to an award of costs.  *Honestech, Inc. v. Sonic Solutions*, 725 F.Supp.2d 573, 580 (W.D. Tex. 2010).  The Supreme Court has held that for a party to be "prevailing" there must be a "judicially sanctioned change in the legal relationship of the parties." *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health and Human Res.,* 532 U.S. 598, 605, 121 S.Ct. 1835 (2001).  Mr. Abraham has obtained a favorable jury verdict that shows 40 years of unexcused delay by the Greek Organizations that has caused and will cause Mr. Abraham undue prejudice, which for the reasons set forth above should bar all relief sought by the

Greek Organizations in their Counterclaim.  This surely is a change in the legal relationship between Mr. Abraham and the Greek Organizations and thus, Mr. Abraham is the prevailing party.

Further, in his Complaint, Mr. Abraham sought, among other relief, a declaration that the Greek Organizations' failure to control Mr. Abraham's use of their marks for decades, along with other actions or inactions by the Greek Organizations, bars any claims against Mr. Abraham for infringement.   [Complaint ¶42]. The jury verdict must be considered a resounding victory for Mr. Abraham on his affirmative defenses of laches and implicit acquiescence.   The Greek Organizations, on the other hand, sought preliminary and permanent injunctive relief, damages, trebling of those damages, punitive damages and attorney's fees.  [Counterclaim Prayer for Relief].  At trial, they claimed Mr. Abraham was not entitled to rely on his affirmative defenses due to unclean hands, but this position was rejected by the jury.   Thus, notwithstanding the Court's prior finding of infringement unfair competition and dilution, the jury found that Mr. Abraham had a valid defense that excused such actions.  Since the ultimate goal of the Greek Organizations in this lawsuit was to stop Mr. Abraham's use of their marks and Mr. Abraham proved a legal right to continue his use of their marks, he is the prevailing party.  Accordingly, Mr. Abraham requests that this Court award him costs of Court as provided by Federal Rule 54(d) and 28 U.S.C. §1920.

WHEREFORE, Thomas Kenneth Abraham respectfully requests that the Court grant his Motion for Judgment, render Judgment declaring that the claims of the Greek Organizations for trademark infringement, unfair competition under the Lanham Act and common law, and trademark dilution are barred by laches and/or acquiescence and that the

Greek Organizations take nothing by their claims, award of costs of court to Mr. Abraham,

and grant such other and further relief to which he may show himself justly entitled.

Respectfully submitted,

 /s/   Elizann Carroll_____
Molly Buck Richard
Texas Bar No. 16842800
molly@richardlawgroup.com
Elizann Carroll
Texas Bar No. 00787209
elizann@richardlawgroup.com
RICHARD LAW GROUP, INC.
8411 Preston Road, Suite 890
Dallas, Texas  75225
Telephone:  (214) 206-4300
Facsimile:  (214) 206-4330

and

Jeffrey S. Levinger
jlevinger@hanklev.com
Texas Bar No. 12258300
Hankinson Levinger LLP
750 North St. Paul Street, Suite 1800
Dallas, TX  75201
(214) 754-9190 – Phone
(214) 754-9140 – Fax

*Counsel for Plaintiff Thomas Kenneth
Abraham d/b/a Paddle Tramps Mfg. Co.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2010, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel for Defendants/Counter-Plaintiffs who are authorized to receive electronically Notices of Electronic Filing.

 /s/   Elizann Carroll_____